MARY C. DIGGS, Appellant, v. EDWARD R. DIGGS, Respondent.

Third Department, May 7, 1919.

**Husband and wife — divorce — evidence — adultery — condonation.**

In an action for a divorce tried before a jury, evidence *held* sufficient to establish the defendant's adultery, but insufficient to establish condonation by the plaintiff.

In order to establish condonation the plaintiff should have such knowledge as would justify a reasonable person in concluding that the fact existed; a mere hysterical jealousy where the fact is denied by the alleged guilty party is not sufficient.

APPEAL by the plaintiff, Mary C. Diggs, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Rensselaer on the 28th day of December, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of December, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*Thomas F. Powers*, for the appellant.

*Guy F. Swinnerton* [*John T. Norton* of counsel], for the respondent.

PER CURIAM:

This was an action for divorce, tried before a jury, without settling issues. There were two questions submitted: one as to the adultery of the defendant; the other as to its condonation if committed. The verdict was a general one of no cause of action; and we are left to the record to determine why such a result was reached by the jury. A careful reading of it convinces us that the proof of adultery was sufficient to require a verdict in favor of the plaintiff, and, consequently, the jury probably were of the opinion that the offense had been committed and forgiven.

We think that the defendant failed to establish condonation by a fair preponderance of evidence. The plaintiff should have such knowledge as would justify a reasonable person in con-

cluding that the fact existed; a mere hysterical jealousy, where the fact is denied by the alleged guilty party, is not sufficient. (*Deisler* v. *Deisler*, 59 App. Div. 207; *Harris* v. *Harris*, 83 id. 123, 127, and authorities there cited.)

The judgment and order should be reversed and a new trial granted.

All concurred.

Judgment and order reversed, on the ground that the verdict on the question of condonation is against the weight of the evidence, and new trial granted, with costs to the appellant to abide the event.